## BUB et al. v. OLIVERA et al.

No. 9036.

Court of Civil Appeals of Texas. San Antonio.

March 22, 1933.

Goodhue Weatherly, of Falfurrias, for appellants.

J. F. Clarkson, of San Diego, for appellees.

SMITH, Justice.

This appeal is from a judgment in effect denying an application for an injunction to restrain the appropriate officials from levying and collecting "any tax assessment under, or as a result of" a "pretended election of December 18, 1930, against * * * property" in common school district No. 25, in Duval county. It seems that an amended petition was presented to the trial judge, who sustained a general exception thereto and decreed that defendants "go hence without day" and with their costs. The plaintiffs below, Wilbert Bub and others, have appealed. Appellees have filed no reply to appellants' brief.

It is possible, if not probable, that the order appealed from is in legal effect nothing but an interlocutory order denying a temporary injunction, requiring the perfection of appeal within twenty days therefrom; whereas, the appeal undertaken is as from a judgment on the merits. If such is in fact the case, then this court is without jurisdiction. But, we have assumed there is a doubt and, resolving that doubt in favor of jurisdiction, have considered the appeal on its merits.

Appellants allege in their trial petition that in 1928 the trustees of the school district procured the construction of a school building and in payment therefor issued three vouchers in the aggregate sum of $1,500 in favor of a lumber company; that said vouchers have not been paid off, and the district has no funds for that purpose; that in November, 1930, the county commissioners' court ordered and held an election "for the purpose of voting on the proposition as to whether or not the duly qualified voters of said District should vote a tax of Fifty Cents on the One Hundred Dollars valuation of taxable property in said school district, for the purpose of supplementing the State School Fund ap-

portioned to said District, and that the officers presiding at said election made a return of the count of the votes cast thereat showing that a majority of qualified voters voting at said election voted in favor of said tax."

Appellants further alleged:

"Plaintiffs allege that said election was not for the purpose of voting a supplemental tax for said school maintenance but was for the sole purpose of increasing the taxes of said district in order to pay for the erection of said school house, or the vouchers issued in payment therefor.

"Plaintiffs allege that Mrs. Henry Meyer, wife of the said Henry Meyer, trustee of the said District, posted notices of said election and was named as presiding officer at said election and acted and served as such presiding officer at said election, and E. D. Busse, one of the trustees of said district, served as a clerk at the voting place during and for said pretended election.

"Plaintiffs allege that it is provided by the laws of Texas that an election shall be called on the written petition of twenty tax paying voters of said district or a majority of the tax paying voters of said district, and that, in this instance said petition asking for said election was not signed by twenty tax payers nor by a majority of the tax payers residing in said district.

"Plaintiffs further allege that as a result of said election and the alleged majority therein returned in favor of the imposition of a tax of Fifty Cents on the One Hundred Dollar valuation of taxable property in said school district, for the purpose of supplementing said school fund apportioned to said district; that the defendants herein threaten to levy a tax assessment against all taxable property in said Common School District, No. 25, including property of plaintiffs, and unless the said defendants are restrained by an order of this Court from levying said tax assessment, they will levy such tax assessment against all taxable property in said district, including the taxable property of your plaintiffs and will thereby create a lien against said property and put a cloud upon the title thereof, unless such taxes are paid, and that the said Jesus Olivera (tax collector) threatens to collect and will undertake to collect, and collect said tax from your petitioners and plaintiffs, as well as from all other property holders in said District, unless restrained by an order of this Court."

We are of the opinion that the petition failed to allege a cause of action with sufficient definiteness and certainty to warrant the extraordinary remedy prayed for, and that the trial judge properly denied such remedy. The affirmative allegations of wrongdoings on the part of appellees are, obviously, but mere conclusions of appellants, unsupported by allegations of specific facts warranting such conclusions.

The judgment is affirmed.